UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 237 HEALTH
& WELFARE FUND, ET AL.,

                                                                                                             24-CV-644 LJV(Sr)

                Plaintiffs,

v.

FREEDOM ELECTRICAL CONSTRUCTION,

                Defendant.
_____


## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #11.

Plaintiffs commenced this action on July 10, 2024 seeking contributions, deductions, interest, liquidated damages, attorneys' fees, and costs pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(g)(2), and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). Dkt. #1.

Defendant did not answer the complaint and, upon request by plaintiffs, the Clerk of the Court entered Default on September 12, 2024. Dkt. #7.

Currently before the Court is plaintiffs' motion to compel defendant to disclose its books and records from October 1, 2019 through the present for plaintiffs' review and audit. Dkt. #9. In support of the motion, plaintiffs proffer letters dated November 8, 2023 and April 3, 2024 seeking disclosure of defendant's payroll records and other financial records to its auditor to verify contributions on hours worked by employees to the plaintiffs. Dkt. #9-2 & 9-3. Plaintiffs affirm that defendant has not provided the requested information. Dkt. #9, ¶ 6. Plaintiffs argue that disclosure of this information is required to permit them to conduct an audit as provided in collective bargaining agreement ("CBA"), and to assess any amount that may be due so that plaintiffs can move for default judgment. Dkt. #9-4.

Plaintiffs filed a certificate of service indicating that the motion papers were served upon defendant by mail. Dkt. #10. In addition, the Court mailed a copy of the text order directing defendant to respond to the motion. Dkt. #12. No response has been received.

Plaintiffs subsequently filed an affidavit from the Funds Administrator attaching a copy of the CBA and defendant's assent to the CBA (Dkt. #14, Exh. A), as well as the Collections Policy requiring that a company disclose its books and records to plaintiffs' auditors upon request. Dkt. #14, Exh. B. The Funds Administrator also attaches a determination from the National Labor Relations Board that defendant committed unfair labor practices by failing to comply with contractual wage and fringe benefit provisions under the CBA. Dkt. #14, Exh. C. Despite this determination, the Funds Administrator affirms that plaintiffs have not received any of the contributions

and deductions required. Dkt. #14, p.7, ¶ 15. More specifically, the Funds Administrator affirms that defendant has not remitted fringe benefit contributions and deductions due for work in covered employment since October 1, 2019. Dkt. #14, p.7, ¶ 16.

Plaintiffs are clearly entitled to audit defendant's books and records pursuant to the Funds' Collections Policy. Dkt. #14, Exh. B. Moreover, courts routinely compel an audit of an employer's books and records pursuant to Section 302(b)(20) of ERISA. *Annuity, Pension, Welfare, Training & Labor Mgmt.Cooperation Trust Funds of the Int'l Union of Operating Eng'rs*, 714 F. Supp.3d 167, 177 (E.D.N.Y. 2024). Courts may also enforce a union's contractual right to audit an employer's books and records under the LMRA. *Id.* at 180. In addition, the Court maintains discretion to compel a party to produce documents requested pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure. *See In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (Motions to compel are "entrusted to the sound discretion of the district court."). Accordingly, plaintiffs' motion to compel disclosure of books and records, including payroll and other financial records necessary to verify compliance with the CBA, for the period from October 1, 2019 through the present for plaintiffs' review and audit is **GRANTED**.

**SO ORDERED.**

DATED:   Buffalo, New York
           September 29, 2025

                                          s/ H. Kenneth Schroeder, Jr.
                                         **H. KENNETH SCHROEDER, JR.**
                                           **United States Magistrate Judge**