UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL 237 HEALTH AND WELFARE FUND ET AL.,

Plaintiff,

v.

FREEDOM ELECTRICAL CONSTRUCTION,

Defendant.

---

24-CV-644
DECISION AND ORDER

On July 10, 2024, the plaintiff, International Brotherhood of Electrical Workers Local 237 Health & Welfare Fund et al. ("the Funds"), commenced this action seeking contributions, deductions, interest, liquidated damages, attorneys' fees, and costs under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(g)(2); and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a). Docket Item 1. The defendant, Freedom Electrical Construction ("Freedom Electrical")—an employer that participates in the Funds—failed to answer the complaint, and, at the Funds' request, Docket Item 6, the Clerk of the Court entered default, Docket Item 7.

The Funds then moved to compel Freedom Electrical to disclose its books and records dating back to October 1, 2019, so that the Funds could verify compliance with the Collective Bargaining Agreement ("CBA"). Docket Item 9. The Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, granted that motion on September 29, 2025, and ordered Freedom Electrical to disclose "books and records,

including payroll and other financial records necessary to verify compliance with the CBA, for the period from October 1, 2019[,] through the present for [the Funds'] review and audit." Docket Item 15 at 3.

After Freedom Electrical did not respond by the deadline, on November 11, 2025, the Funds moved for sanctions. Docket Item 17. On December 1, 2025, Judge Schroeder issued an order directing Freedom Electrical to

> certify compliance with the Court's Order to disclose books and records, including payroll and other financial records necessary to verify compliance with the CBA, for the period from October 1, 2019[,] through the present for [the] plaintiffs' review and audit or show cause why it should not be held in civil contempt pursuant to 28 U.S.C. § 636(e)(6) (B)(iii), and subject to coercive sanctions as set forth above, no later than **January 9, 2026**.

Docket Item 19 at 7. To date—nine months past the deadline—Freedom Electrical still has not complied with the order.

## CIVIL CONTEMPT

"A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Buffalo Laborers' Welfare Fund v. D. Land Const. Co.*, 2010 WL 3894987, at *1 (W.D.N.Y. Sept. 30, 2010). Here, all three prongs are easily met. Judge Schroeder's order granting the motion to compel was very clear; there is no question that Freedom Electrical did not comply; and there is no indication that Freedom Electrical made any effort to comply. What is more, the order to show cause gave Freedom Electrical another chance to respond, but it failed to do so. Accordingly, the Court finds Freedom Electrical in civil contempt.

**COERCIVE FINE**

"In deciding whether to impose a coercive remedy, the district court must consider (1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Id.* at *2 (quoting *EEOC v. Local 638,* 81 F.3d 1162, 1177 (2d Cir. 1996)). "The most important consideration is whether the sanction is reasonable in relation to the facts surrounding the contempt." *Id.* (citing *New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1353 (2d Cir. 1989)).

The Court finds that a coercive fine is appropriate here. Freedom Electrical's compliance with Judge Schroeder's order to disclose records is necessary "[t]o determine the amounts owed" to the Funds so that the Funds can seek appropriate relief. *See* Docket Item 23 at 1; *cf. Buffalo Laborers' Welfare Fund*, 2010 WL 3894987, at *2 (imposing coercive fine where the defendants' "continued failure to submit to the audit makes it impossible for plaintiffs to . . . calculate their total damages"). Moreover, Freedom Electrical not only has failed to comply with Judge Schroeder's order but also has failed to respond to an order to show cause. Therefore, "it is reasonable to conclude that, without the threat of coercive sanctions, [Freedom Electrical] will again fail to comply." *See Buffalo Laborers' Welfare Fund*, 2010 WL 3894987, at *2. The Funds persuasively argue that this lack of compliance has caused concrete harm to Freedom Electrical's employees. *See* Docket Item 23 at 2 (the Funds' asking this Court to "appreciate the harm to the employees from [Freedom Electrical's] failing to remit contributions and other amounts to the Funds"). Finally, although the Court lacks information about Freedom Electrical's financial resources, that is due to Freedom

Electrical's refusal to participate in this lawsuit, so that should not inure to Freedom Electrical's benefit.

In a similar case involving the defendant's failure to submit a court-ordered accounting, this Court imposed a $100 per day coercive fine. *Ampion Corp. v. AXXA Tech, Inc.*, 2019 WL 13164266, at *2 (W.D.N.Y. Oct. 7, 2019); *see also Buffalo Laborers' Welfare Fund*, 2010 WL 3894987, at *2 (finding $100 per day fine to be "severe enough to encourage the defendants to quickly comply with the order, but . . . not so severe as to financially harm them"). The Court finds the same to be appropriate here. Accordingly, the Court will impose a coercive fine of $100 per day from the date of service of this order until Freedom Electrical discloses its records for the Funds' review and audit as required by Judge Schroeder's order. This order, however, is without prejudice to the Funds' seeking a higher coercive fine by submitting any financial information about Freedom Electrical or if Freedom Electrical continues to fail to comply with Judge Schroeder's order.[1]

## CONCLUSION

In light of the above, it is hereby

ORDERED that the Court finds Freedom Electrical in civil contempt; and it is further

ORDERED that a coercive fine of $100 per day is imposed from the date of service of this order until that time when Freedom Electrical certifies compliance with

[1] This order also is without prejudice to Freedom Electrical's moving for relief if it can show any other good cause to do so.

the Court's order to disclose books and records, including payroll and other financial records necessary to verify compliance with the CBA, for the period from October 1, 2019, through the present for the Funds' review as required by Judge Schroeder's orders, *see* Docket Items 15 (order granting motion to compel) and 19 (order to show cause); and it is further

ORDERED that the plaintiffs shall serve a copy of this decision and order upon the New York Secretary of State as agent for Freedom Electrical Construction LLC and file a certificate of service with the Court no later than September 18, 2026; and it is further

ORDERED that the Clerk of Court shall mail a copy of this decision and order to Brandon Walker, Owner, Freedom Electrical Construction LLC, 6164 Karen Avenue, Newfane, NY 14108; and it further

ORDERED that this case is referred back to Judge Schroeder for further proceedings consistent with the referral order of September 18, 2024, Docket Item 11.

SO ORDERED.

Dated: September 11, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE